**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION**

| | | |
|---|---|---|
| Shawn Leviner, | ) | |
| | ) | Civil Action No. 5:14-cv-01666-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Capital Restaurant Group LLC | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court pursuant to Plaintiff Shawn Leviner's ("Plaintiff") Motion to Remand the case to the Orangeburg County (South Carolina) Court of Common Pleas. (ECF No. 9.) Defendant Capital Restaurant Group LLC ("Defendant") opposes Plaintiff's Motion to Remand and asks the court to retain jurisdiction. (ECF No. 13.) For the reasons set forth herein, the court **DENIES** Plaintiff's Motion to Remand (ECF No. 9).

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that on October 12, 2010, he slipped and fell on a "foreign substance on the floor" of the bathroom in Defendant's restaurant located at 1437 John C. Calhoun Drive in Orangeburg County, South Carolina, causing "serious and severe injuries." (ECF No. 1-1 at 2 ¶ 3.) On October 9, 2013, Plaintiff filed an action for damages against Defendant in the Court of Common Pleas of Orangeburg County, South Carolina, alleging his injuries are the direct and proximate result of Defendant's "negligence and recklessness." (*Id.* at 3 ¶ 4.) For jurisdictional purposes, Plaintiff alleged that he is a citizen of the State of South Carolina, and Defendant is incorporated in the State of Georgia. (ECF No. 1 at 1-2 ¶¶ 3-4.) Plaintiff did not specify an amount of damages in the Complaint, but prayed for "both actual and punitive damages and for such other relief this court deems just and proper." (ECF No. 1-1 at 3.)

1

On April 25, 2014, Defendant filed a Notice of Removal asserting the court has jurisdiction over the matter based on diversity of citizenship and the amount in controversy exceeding $75,000, based on Plaintiff's past medical bills totaling $30,608 and Plaintiff seeking "an unspecified amount of future medical expenses."  (ECF No. 1 at 2-3 ¶¶ 6-7.)  On May 23, 2014, Plaintiff moved to remand the matter to state court, asserting Defendant's Notice of Removal was untimely and therefore does not meet the procedural requirements of 28 U.S.C. § 1446(b).  (ECF No. 9-1 at 1.)  On June 6, 2014, Defendant filed a response in opposition to Plaintiff's Motion to Remand.  (ECF No. 13.)

## II. LEGAL STANDARD AND ANALYSIS

Federal courts are courts of limited jurisdiction.  A defendant is permitted to remove a case to federal court if the court would have had original jurisdiction over the matter.  28 U.S.C. § 1441(a).  A federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different States; . . . ."  28 U.S.C. § 1332(a).  In cases in which the district court's jurisdiction is based on diversity of citizenship, the party invoking federal jurisdiction has the burden of proving the jurisdictional requirements for diversity jurisdiction.  *See Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 298 (4th Cir. 2008) (holding that in removing case based on diversity jurisdiction, party invoking federal jurisdiction must allege same in notice of removal and, when challenged, demonstrate basis for jurisdiction).  Because federal courts are forums of limited jurisdiction, any doubt as to whether a case belongs in federal or state court should be resolved in favor of state court.  *See Auto Ins. Agency, Inc. v. Interstate Agency, Inc.,* 525 F. Supp. 1104, 1106 (D.S.C. 1981) (citations omitted).

Section 1332 requires complete diversity between all parties.  *Strawbridge v. Curtiss,* 7 U.S. 267, 267 (1806).  Complete diversity requires that "no party shares common citizenship with any party on the other side."  *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999).

"[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

Neither party disputes that there is complete diversity of citizenship in this case, nor does Plaintiff dispute Defendant's assertion that the amount in controversy exceeds $75,000. Plaintiff, however, argues that the amount in controversy was apparent from the Complaint, and thus the Notice of Removal should have come within 30 days from November 8, 2013, when Defendant was served with the Complaint.  (ECF No. 9-1 at 2.)  Defendant argues that "[t]he face of the Complaint did not make removal certain for diversity jurisdiction" and that only on April 22, 2014, when Plaintiff provided answers to interrogatories listing past medical expenses of $30,608 that the amount in controversy was clear enough to file Notice of Removal.  (ECF No. 13 at 2.)  Until Plaintiff provided the interrogatory answers, Defendant argues, "Defendant understood that Plaintiff's alleged injuries were very minor in nature."  (*Id.*)

Plaintiff asserts that "the amount in controversy requirement has been satisfied when actual and punitive damages are claimed and the Plaintiff has not affirmatively pled a cap on damages or otherwise limited the amount of damages sought prior to the time of removal."  (ECF No. 9-1 at 2 (citing *Stiles v. Wal-Mart Stores Inc.*, Civil Action No. 3:10-cv-01472-JFA, ECF No. 6, 2010 U.S. Dist. LEXIS 58984 (D.S.C. June 15, 2010).)  It is telling, however, that in the document to which Plaintiff cites in *Stiles*, titled "Special Interrogatories on Jurisdictional Facts,"

the judge asked the plaintiff to specify whether she intended to seek more than $75,000. Even under the cited principle, the judge sought clarification before making a decision on whether to remand the case to state court. Further, "[t]here is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court or that the parties have colluded to that end. For if such were the purpose suit would not have been instituted in the first instance in the state but in the federal court." *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 290-91 (1938).

Defendant notes that the Complaint "contains minimal factual detail." (ECF No. 13 at 1.) Indeed, the Complaint describes Plaintiff's injuries only as "serious and severe" and that Plaintiff "has been forced to incur doctor and medical bills; that he has been caused to endure physical pain and suffering; that he has been caused to endure mental anguish; that he has been caused to lose the enjoyment of life; that his injuries are permanent in nature and… he will continue to incur damages into the future." (ECF No. 1-1 at 2-3.) Plaintiff provides no details as to the specific nature of the injuries, nor of the extent of medical bills incurred thus far or anticipated in the future. Further, Defendant provides the affidavit of Mark Parrott, a claims adjuster for the third party administrator for the insurance company that insures Defendant. (ECF No. 13-6.) In the affidavit, Parrott states that Plaintiff never made a settlement demand and "[b]ased on how this claim was reported by the Plaintiff, I understood that Plaintiff's injuries were very minor in nature." (*Id.* at 1.) Parrott further stated that "[u]ntil Plaintiff answered written discovery on or about April 22, 2014, I had no indication of the nature and severity of the Plaintiff's alleged injuries or the amount in controversy." (ECF No. 13-6 at 2.) "[T]his Court's jurisdiction cannot rest upon the metaphysical possibility that the jurisdictional amount may or may not be met now

or at some point in the future." *Hagood v. Electrolux Home Prod., Inc.,* 2006 WL 1663804, at *2 (D.S.C. June 15, 2006).

As it is not disputed that this case meets the requirements of diversity jurisdiction, the case is properly heard in this court. Denying Plaintiff's Motion to Remand, then, would not result in a jurisdictional violation. Instead, Plaintiff asks this court to remand the case simply because Defendant, armed with a minimal amount of information from Plaintiff, chose to obtain more information regarding the amount of controversy before filing a Notice of Removal. It is not in the interest of fairness to punish Defendant for being diligent when all other requirements have been satisfied for removal and there is no evidence the timing of Defendant's Notice of Removal was in bad faith. As such, the court declines to remand this case to state court.

### III. CONCLUSION

Based on the aforementioned reasons, it is therefore ordered that Plaintiff's Motion to Remand (ECF No. 9) is **DENIED** and the court will retain jurisdiction in this matter.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

December 15, 2014
Columbia, South Carolina